UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND, <br>     Plaintiffs, <br><br> v. <br><br> TLD ELECTRICAL CORP., <br>     Defendant, <br><br> TRINITY BUILDING AND CONSTRUCTION MANAGEMENT CORP.; HERITAGE BUILDERS, INC.; D.F. PRAY, INC.; and KBE BUILDING CONSTRUCTION, <br>     Reach-and-Apply Defendants. | CIVIL ACTION NO. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan").  The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.     Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund").  The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.     Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund").  The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6.     Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC").  The JATC is an "employee welfare benefit plan" within the

meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund"). The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8. The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."

9. Defendant TLD Electrical Corp. ("TLD"), is a Massachusetts corporation with a principal place of business at 19 Dapper Darby Drive, Stoneham, MA 02180. TLD is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10. Reach-and-Apply Defendant Trinity Building and Construction Management Corp. ("Trinity") is a corporation organized under the laws of Massachusetts with a principle place of business at 1 Jewel Drive, Suite 322, Wilmington, MA 01887 and a registered agent for service of process, Matthew H. Kilty at the same address. On information and belief, Trinity was the general contractor on a construction project at an Indochino store location at 79 Seaport Blvd, Boston, MA 02210 and owes money to TLD for work on this project.

11. Reach-and-Apply Defendant Heritage Builders, Inc. ("Heritage") is a corporation organized under the laws of Massachusetts with a principle place of business at 51 Silva Ln. Dracut, MA 01862 and a registered agent for service of process, Joseph Surianello, at the same

address. On information and life, Heritage constructed a commercial garage on its own property at 49-51 Silva Ln. and owes money to TLD for work on this project.

12. Reach-and-Apply Defendant D.F. Pray, Inc. ("D.F. Pray") is a corporation organized under the laws of Rhode Island with a principle place of business at 25 Anthony St., Seekonk, MA 02771. D.F. Pray is registered to do business in Massachusetts and its registered agent for service of process is Corporation Service Company, 84 State St., Boston, MA 02109. On information and belief, D.F. Pray was the general contractor on a construction project at a PetCo Animal Supplies Inc. ("PetCo") store location located at 343 Broadway St., Saugus, MA 01906 and owes money to TLD for work on this project.

13. Reach-and-Apply Defendant KBE Building Corp. ("KBE") is a corporation organized under the laws of Connecticut with a principle place of business at 76 Batterson Park Rd., Farmington, CT 06032. KBE is registered to do business in Massachusetts and its registered agent for service of process is Corporation Service Company, 84 State St., Boston, MA 02109. On information and belief, KBE was the general contractor on a construction project at an A.C. Moore ("A.C. Moore," a subsidiary of Sbar Inc.) store location located at 630 Fellsway, Medford, MA 02155 and owes money to TLD for work on this project.

## FACTS

14. On or about September 11, 2017, TLD signed a Letter of Assent authorizing the Boston Chapter, of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between NECA and the International Brotherhood of Electrical Workers Local 103 ("Union"). A copy of TLD's Letter of Assent is attached hereto as <u>Exhibit A</u>.

15. TLD has been a party to successive collective bargaining agreements, including the agreement which is in effect from September 1, 2016, through August 31, 2019 ("Agreement") a copy of which is attached hereto as <u>Exhibit B.</u>

16. The Agreement requires signatory employers such as TLD to make contributions to the Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked. In addition to the named plaintiff Funds, the Agreement specifies the amounts to be contributed to the Electrical Industry Labor-Management Cooperation Trust Fund, the National Labor-Management Cooperation Committee, the Administrative Maintenance Fund, and the National Electrical Industry Fund. The Administrator is authorized to collect monies due to all the Funds.

17. The Agreement further specifies that these amounts are to be paid by the 15th day of the subsequent month. The Agreements also specify that working dues are to be deducted from the wages of each employee and forwarded to the Union. The Funds and the Union have a separate agreement which allows the Funds to collect working dues on behalf of the Union.

18. Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th day of the month the payment is due. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

19. Signatory employers such as TLD are obligated to submit remittance reports on a monthly basis, in which they list the hours worked by their employees and calculate the amount of benefit contributions and working dues owed for all work performed by their employees in that month. Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

20. TLD has not paid any benefit contributions for work performed by its covered employees from the month of September 2018 through the present.

21. For the months of September 2018 through the present, TLD owes approximately $226,647.40 in unpaid benefit contributions and working dues deducted from employees' wages but not forwarded to the Union.

22. TLD has not submitted a remittance report to the Funds for September 2018, or the period December 2018 to present.

23. On November 27, 2018, Funds' collection counsel sent a demand letter to TLD advising TLD that it owed benefit contributions, working dues, interest, and legal fees and costs. The letter demanded payment of the amounts owed. The letter was sent by certified mail, return receipt requested. A copy of the demand letter together with the signed receipt showing delivery is attached hereto as Exhibit C.

24. On information and belief, TLD has continued to perform covered work on at least projects in Massachusetts in the period during and after September 2018, including:

   a. An Indochino retail store located at 79 Seaport Blvd, Boston, MA, with Trinity as the general contractor.

   b. A commercial garage located at 49-51 Silva Ln., Dracut, MA, with Heritage as the owner/construction manager.

   c. A Petco retail store located at 343 Broadway St., Saugus, MA, with D.F. Pray as the general contractor.

   d. An A.C. Moore retail store located at 630 Fellsway, Medford, MA, with KBE as the general contractor.

On information and belief, the owner and/or contractor at each of these four projects owes money to TLD for work performed.

25. In sum, TLD owes a minimum of $226,647.40, plus additional unliquidated amounts, statutory liquidated damages, interest, and legal fees and costs, which continue to accrue.

26. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA

27. Plaintiffs incorporate by reference paragraphs 1 through 26 above.

28. Absent an order from this Court, TLD will continue to refuse and fail to pay the contributions it owes to the Plaintiff Funds, along with the interest on late payments, and the Funds and their participants will be irreparably damaged.

29. The failure of TLD to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

30. Plaintiffs incorporate by reference paragraphs 1 through 29 above.

31. The Agreements are contracts within the meaning of §301 of the LMRA.

32. TLD's failure to pay all contributions and interest owed on behalf of its covered employees and to remit the working dues TLD already deducted out of its employees' wages, violates the terms of the Agreements.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

a.  Enter a preliminary and permanent injunction enjoining TLD Electric Corp. from refusing or failing to make payment of benefit contributions, interest, working dues, interest, legal fees and costs and statutory liquidated damages owed to Plaintiff Funds;

b.  Order the attachment of the machinery, inventory, vehicles, equipment, and accounts receivable of TLD Electric Corp. up to the amount of $226,647.40;

c.  Order TLD Electric Corp. to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from September 1, 2018 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period;

d.  Enter judgment in favor of the Plaintiff Funds on Count I against TLD Electric Corp. for all benefit contributions owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, statutory liquidated damages, and legal fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

e.  Enter judgment in favor of the Plaintiff Funds on Count II against TLD Electric Corp. for all contributions and working dues owed through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

f. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

MICHAEL P. DONOVAN, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorneys,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO # 547188
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 603-1417
kshea@segalroitman.com

Dated: March 8, 2019

**VERIFICATION**

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Amended Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8 DAY OF March, 2019.

Michael P. Donovan
Funds Administrator

f. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

MICHAEL P. DONOVAN, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorneys,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO # 547188
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 603-1417
kshea@segalroitman.com

Dated: March 8, 2019

**VERIFICATION**

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Amended Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8 DAY OF March, 2019.

Michael P. Donovan
Funds Administrator